UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                                    )
                                                         )
ANGELA DAWN BORNSTEIN,                                   )    Case No. 6:05-bk-03330-KSJ
                                                         )    Chapter 7
            Debtor.                                      )
                                                         )

MEMORANDUM OPINION SUSTAINING CHAPTER 7
TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

This case came on for hearing on August 9, 2005, on the Trustee's Objection to Debtor's Claim of Exemption (the "Objection") (Doc. No. 8) and the Debtor's Response (Doc. No. 14). The debtor and her family reside on one side of a duplex and rent the other. The issue is whether the debtor can claim the total value of a duplex as exempt homestead pursuant to Florida Constitution Article X, Section 4(a)(1). Upon consideration of the pleadings, evidence, positions of the parties, arguments of counsel and the law, the Court sustains the Objection. The debtor may not claim the entire duplex as exempt.

The debtor filed this Chapter 7 case on April 1, 2005. On Schedule A, she described her homestead real property as a duplex occupying a single address located at 814 E. South Street, Orlando, Florida 32801. The debtor is obligated to Chase Home Finance, LLC, on a mortgage encumbering the whole property. The debtor estimates the current market value of the duplex at $225,000 and lists the amount of Chase's secured claim at approximately $137,893. The duplex occupies a single lot within the municipality of Orlando, is smaller than one-half acre in size, and is not divisible under current zoning laws. The debtor lives with her children on one side of the duplex and rents the other side to a third party. On Schedule C, the debtor claimed her entire interest in the duplex as exempt pursuant to Article X, Section 4(a)(1) of the Florida Constitution and Florida Statutes Sections 222.01 and 222.02.

On Schedule F, the debtor lists unsecured debts totaling $26,059. Of this amount, $24,503 is attributable to a business line of credit the debtor's now ex-husband, Jeffrey Bornstein, obtained from Wachovia Bank the month the couple separated. The debtor credibly testified that Mr. Bornstein used these borrowed funds to pay down loan balances for rental property he still owns and that she obtained no benefit from the loan. The debtor owes only $1,556 to her other creditors, due to modest credit card debts. The debtor's inability to service the Wachovia loan prompted her to file this Chapter 7 bankruptcy case.[1]

The debtor has three children: a 21 year old daughter attending college and two 18 year old sons who live with her. One of the debtor's sons has had ongoing physical health problems that have required her attention and care and caused her to delay her education for some period of time. The debtor is currently attending school and works part time, when possible. The debtor's total monthly income is approximately $2,500; she receives $1,500 a month in rehabilitative alimony and approximately $1,050 per month for renting one side of the duplex. The debtor uses the rental income to pay her mortgage on the duplex property. She also maintains insurance on the entire property.

Citing Article X, Section 4(a)(1) of Florida's Constitution, the trustee argues that the debtor's exemption is limited to only that portion of the duplex used exclusively as her residence and that she is not entitled to claim her entire interest as exempt because she rents one side of the duplex to a third party. To qualify as protected homestead, a property "must meet all of the requirements of the constitution for exemption." In re Englander, 95 F.3d 1028, 1031 (11th Cir. 1996). As relevant to this case, the Florida Constitution exempts from forced sale a "homestead … if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family." WEST'S

---

[1] Mr. Bornstein also previously filed a Chapter 7 bankruptcy case (Case No. 6:03-bk-12901-KSJ) and discharged his liability to Wachovia on the business equity loan on February 20, 2004.

F.S.A. CONST. art. X § 4(a)(1). Here, because the exemption is limited by its plain language to the residence of the debtor or her family, the trustee argues that only the side of the duplex occupied by the debtor and her children meet the constitutional requirements for exemption.

As a practical matter, if the trustee is correct, the entire duplex would have to be sold because the property is not divisible. The debtor could claim an exemption in the sale proceeds attributable to her residential portion of the duplex, and the trustee could distribute the amount attributable to the rented portion of the duplex to the debtor's creditors. This approach was endorsed by the Eleventh Circuit Court of Appeals in In re Englander, 95 F.3d 1028 (11th Cir. 1996), when it affirmed the lower courts' rulings that a bankruptcy court could order the sale of a debtor's homestead property and apportion the proceeds between the debtors, their creditors, and the trustee, where the subject property could not be subdivided.

In response to the trustee's arguments, the debtor points out that the property claimed as homestead in Englander occupied 1.05 acres of land, exceeding the exemption limitation of .5 acre by .55 of an acre. Here, the homestead does not exceed the .5 acre allotment for properties located within a municipality. The debtor argues simply that Florida's homestead exemption laws do not contemplate severing and dividing an indivisible building situated on exempt real estate and are liberally applied to shelter debtors and their families and protect them from destitution. Englander, 95 F.3d at 1031 (citations omitted).  The debtor also notes that the property is not used for any business purposes; however, it cannot be disputed that the property is income producing based on the debtor's "Schedule I" listing the monthly rental amount as income.

The debtor is correct that Florida homestead laws are liberally applied and do not contemplate dividing up exempt property. However, in this case, the problem arises because the exemption is limited to the part of the duplex in which she and her family actually reside; the fact that the duplex occupies .5 of an acre or less and that the property is indivisible under local

zoning laws does not negate or otherwise affect this limitation or distinguish the case from the application of Englander or the requirements and limitations of Article X, Section (4)(a)(1) of Florida's Constitution. Cf., In re Wierschem, 152 B.R. 345, 347 (Bankr.M.D.Fla.1993) (observing that "[w]hile the Florida Constitution does not define the term 'homestead,' it does provide various limitations and requirements. Among these are an acreage limitation, an ownership requirement, and a residency limitation.")

Several Florida bankruptcy courts have examined the extent to which Florida's constitutional exemption applies to protect a dwelling structure, such as a duplex or an apartment building, in which a debtor resides and also rents space to third parties, from claims of creditors or a trustee in bankruptcy. The majority concluded that a debtor is entitled to an exemption only for his or her residence and not for any rented portion of the structure.[2] Several courts reached this conclusion based on a 1968 amendment to Article X, Section 4 of the Florida Constitution. "Prior to the 1968 Amendment of Article X, § 4… a homestead exemption was allowed for the 'residence and business house of the owner…' which allowed an owner to claim as exempt not only his dwelling house but also other structures which were used for business or were income-producing rental properties." Matter of Aliotta, 68 B.R. 281, 282 (Bankr.M.D.Fla.1986) (citing Cowdery v. Herring, 144 So. 348 (Fla.1932)). "The elimination of the business property reference from Article X, § 4 shows [the drafters'] unequivocal intent to limit homestead exemptions to the residence of the owner and to disallow any claim for an exemption that

---

[2]   In re Bell, 252 B.R. 562 (Bankr. M.D. Fla. 2000) (Paskay, J.); In re Blocker, 242 B.R. 75 (Bankr. M.D. Fla. 1999) (Funk, J.); In re Oliver, 228 B.R. 771 (Bankr.M.D.Fla.1998) (Paskay, J.); In re Nelson, 225 B.R. 508 (Bankr.S.D.Fla.1998) (Friedman, J.); In re Pietrunti, 207 B.R. 18 (Bankr.M.D.Fla.1997) (Paskay, J.); In re Baxt, 188 B.R. 322 (Bankr. S.D. Fla., 1995) (Ray, J); In re Wierschem, 152 B.R. 345 (Bankr.M.D.Fla.1993) (Corcoran, J.); In re Dudeney, 159 B.R. 1003 (Bankr.S.D.Fla.1993) (Mark, J.); Matter of Aliotta, 68 B.R. 281, 282 (Bankr.M.D.Fla.1986) (Paskay, J); In re Rodriquez, 55 B.R. 519 (Bankr. S.D. Fla. 1985) (Britton, J).

exceeds the residence of the owner." In re Oliver, 228 B.R. 771, 772 (Bankr.M.D.Fla.1998); See also In re Wierschem, 152 B.R. 345 (Bankr.M.D.Fla.1993) (where debtors used one unit of a three unit structure as their residence, exemption was limited to the one unit); In re Nofsinger, 221 B.R. 1018 (Bankr.S.D.Fla.1998) (debtor's homestead exemption cannot extend to any portion of the property which is rented to and occupied by a third party).

On the other hand, a minority of Florida bankruptcy courts has drawn the opposite conclusion, permitting full exemption in cases where property used as a debtor's residence and also rented could not be lawfully divided and sold under existing zoning laws. However, after examining the three cases cited by the debtor, only one case actually addressed the issue of whether a debtor can claim both sides of a duplex exempt. In re Kuver, 70 B.R. 190 (Bankr.S.D.Fla.1986) (Cristol, J.) (allowing full homestead exemption for duplex located within a municipality where a portion was rented to a third party, because property could not be divided and sold under existing zoning laws). The other two cases[3] involved single family residences and are distinguishable on that basis alone. After reviewing all the decisions, including the one minority case, the Court concludes the majority opinion is consistent with both Florida law and the Florida Constitution. A debtor can only claim the portion of the duplex used as his or her homestead exempt. The rented portion is not exempt and is subject to claims by the debtor's creditors.

---

[3] In re Ballato, 318 B.R. 205 (Bankr M.D. Fla. 2004) (Williamson, J) (allowing full exemption for single family residence where no severable portions of the property were being used for income producing purposes, and no evidence beyond bare allegation that debtor may have rented space to unrelated third parties); In re Makarewicz, 130 B.R. 620 (Bankr.S.D.Fla.1991) (Cristol, J.) (debtor entitled to full homestead exemption in his single family residence with detached garage structure containing two apartments rented to third parties where rented portions were not severable and parties agreed the property could not be partitioned and sold).

The difficulty in this case is that, because the Court must limit the debtor's exemption to that portion of the duplex in which she and her children reside, the end result actually may contravene the longstanding principle in Florida that homestead exemption laws should operate to shelter and protect debtors and their families from destitution. Here, the debtor could indeed lose her home as a result of this ruling. Equity is clearly on the debtor's side.

For example, subtracting the amount of Chase's secured claim, $137,893, from the market value of the duplex estimated by the debtor, $225,000, the debtor has equity in her home of approximately $87,000. Assuming, arguendo, that the duplex sold for $225,000 and ignoring closing costs, and assuming the debtor and the trustee are entitled to split equally the remaining funds, the debtor could end up with about $44,000 in proceeds. Clearly, the debtor could not purchase a new home for this amount in today's market of rapidly rising real estate prices. Although this may mean the sale of the debtor's property could yield substantially greater than her estimated value, it is also likely that she would have to pay top dollar to obtain a new home in the area. Moreover, the Court suspects the debtor will have difficulty qualifying for a traditional home loan because of her scarce income and a credit report that will now include this bankruptcy. The debtor faces a difficult and uncertain future, if her homestead is sold in response to losing the exemption on the rented portion. Since Florida traditionally affords such generous homestead protection, the Court speculates that Florida's Legislature may not have contemplated this unfortunate result when drafting and enacting the changes to Article X, Section 4(a)(1).

Nevertheless, this is the result mandated. The Trustee's Objection to Debtor's Claim of Exemptions (Doc. No. 8) is sustained. The debtor does, however, have the option of converting her Chapter 7 case to a case under Chapter 13 which would allow her to keep her home and repay her unsecured creditors over time. To permit the debtor to consider this option, the

effective date of the order signed contemporaneously with this Memorandum Opinion will be delayed for a period of 20 days following the date of the entry of the order. If the debtor does <u>not</u> timely file a Notice of Conversion, a further hearing to determine the value of the duplex property and the estate's interest therein shall be held on **January 10, 2006, at 2:00 p.m.** A separate order consistent with this Memorandum Opinion shall be entered.

      DONE AND ORDERED in Orlando, Florida, this 18th day of November, 2005.

 

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Angela Dawn Bornstein, 814 E. South Street, Orlando, FL  32801

Debtor's Attorney:  Stephen R. Caplan, Esq., 31 N. Hyer Avenue, Orlando, FL  32801

Trustee:  Kenneth D. Herron, Wolff, Hill, McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, FL  32801

Attorney for Trustee:  Jeanne A. Kraft, Wolff, Hill, McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, FL  32801

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801